[Civ. No. 23241.   First Dist., Div. Two.   Nov. 21, 1966.]

PETER OMICINI et al., Plaintiffs and Appellants, v. CITY OF EUREKA et al., Defendants and Respondents.

Scott & Scott and Jeremiah R. Scott, Jr., for Plaintiffs and Appellants.

Melvin S. Johnsen, City Attorney, Orrick, Dahlquist, Herrington & Sutcliffe, Richard J. Lucas and Willoughby C. Johnson for Defendants and Respondents.

SHOEMAKER, P. J.—Plaintiffs Peter Omicini and Omicini Investment Company, a corporation, appeal from a summary judgment entered against them in an action brought

by them and others against the City of Eureka and city officials thereof, challenging the legality of an ordinance providing for the issuance of bonds for the acquisition and improvement of public parking facilities.

On August 18, 1964, the Parking Place Commission of the City of Eureka filed with the city council a resolution adopted by it on August 11, 1964, requesting the council to take proceedings for the acquisition and improvement of public parking facilities for Parking District No. 1, which had been formed 10 years before by ordinance of the council under the Parking District Law of 1951 (Sts. & Hy. Code, §§ 35100-35707), and which since its creation had been operating parking facilities within the city.

On the same day, the council, by resolution, approved the commission resolution and determined that the public good required the continued use of parking meters on streets in the district as set forth in said resolution, and directed the Director of Public Works to make and file a report pursuant to Streets and Highways Code, section 35257.

On September 1, 1964, the council, by Ordinance No. 24-C.S., declared that certain city-owned lands then being used for public parking should be further improved and continued in such use and that additional facilities should be acquired for public parking, said acquisitions and improvements to be paid for by funds obtained by the issuance of bonds, and that the Director of Public Works had made and filed the report theretofore ordered.

Likewise on September 1, 1964, the council adopted Resolution No. 5533, wherein it declared its intention to acquire and improve additional parking facilities for the district, and gave notice that on October 6, 1964, it would hold a hearing on the proposal. The resolution stated that "Any person interested in and objecting to said proposed acquisitions and improvements, the issuance of said additional bonds, or to any other proposal set forth in this resolution of intention, may file a written protest with the City Clerk at any time prior to said time fixed for said hearing at the office of the City Clerk in said City Hall." The notice was published and mailed to property owners as required by law.

On October 6, 13 and 20, 1964, public hearings were held, during which all timely written protests[1] were heard and

---

[1]The written protests, over 100 in number, each read as follows: "The undersigned, each of whom individually represents that he is the owner of property within Parking District No. 1 formed by Ordinance No. 2621

ruled upon. Among the protests rejected was one filed on behalf of plaintiff Omicini Investment Company by plaintiff Peter Omicini.

On October 20, 1964, the council adopted Ordinance No. 26-C.S., providing for the improved and added parking facilities, and the issuance of the assessment bonds.

Thereafter, the action now before us was commenced, and the basis of the plaintiffs' complaint is found in paragraph III of the complaint, wherein it is stated: "That the proceedings set forth, leading up to the adoption of the said Ordinance No. 26-C.S. were invalid, were not based on any substantial evidence to support a finding that any of the properties within the said Parking District No. One would be benefitted, nor that there was any need or necessity for the acquisition of the properties or the issuance of said bonds, nor any evidence to support the values proposed to be paid for the said properties to be acquired."

Defendants filed a general demurrer, which was not urged, and a motion for summary judgment. The trial court, in granting this motion, held that plaintiffs had waived their right to attack the proceedings of the city council by court action because they had failed to state proper grounds of protest in writing in the manner prescribed by sections 35271 and 35275 of the Streets and Highways Code. The former section provides for the filing of written objections at any time prior to the council hearing, and the latter section states that "Any objections or protests not made at the time and in the manner provided in this chapter are deemed waived voluntarily. Proceedings under this chapter shall not be attacked after the conclusion of the hearing upon any ground not stated in an objection or protest filed pursuant to this chapter."

---

of the City Council of the City of Eureka on September 7, 1954 of the assessed valuation set opposite his or her name, does hereby join together with the remainder of those names appearing below to protest against the adoption of that certain Resolution proposed to be adopted by Resolution Declaring Intention of Eureka City Council to Acquire and Improve Additional Off-Street Parking Facilities for Parking District No. 1 of the City of Eureka, as adopted the first day of September, 1964, and demand that the City Council not adopt the Resolution proposed, that the City Council and/or the Parking Place Commission of the City of Eureka not be authorized to purchase any of the property therein described, nor to levy or impose any of the taxes therein referred to, or issue any of the bonds therein referred to. It is the intention of this protest that it comply with the applicable provisions of law preventing the issuance of bonds, expenditures of money or adoption of resolutions under the Parking District Law of 1951 or any subsequent Parking District Law."

It cannot be doubted that the trial court was correct in concluding that neither plaintiff complied with sections 35271 and 35275 of the Streets and Highways Code. Plaintiff Peter Omicini filed no written protest whatever. Although he makes some claim to the contrary, it is without substance as his name appears only on the protest of the corporation which bears his surname and in which he signs on behalf of the corporation and not individually. Plaintiff Omicini Investment Company apparently concedes that the written protest filed on its behalf failed to state any of the grounds of objection raised in the instant action. Indeed, said protest stated no specific ground of objection whatever. (See fn. 1; *Jeffery* v. *City of Salinas* (1965) 232 Cal.App.2d 29, 48 [42 Cal.Rptr. 486].)

Both plaintiffs contend, however, that the court erred in applying sections 35271 and 35275 of the Streets and Highways Code and in holding that they waived any ground of objection not previously raised by written protest. In support of this argument, plaintiffs point out that the Parking District Law of 1951 is contained in division 18, part 4, of the Streets and Highways Code, and is divided into several chapters. Chapter 2 of part 4 (Sts. & Hy. Code, §§ 35250-35276) deals with the formation of a parking district; chapter 2.1 of part 4 (Sts. & Hy. Code, §§ 35300-35305) deals with the use of city-lands as parking places; and chapter 3 of part 4 (Sts. & Hy. Code, §§ 35400-35432) deals with bonds, acquisitions and improvements. Plaintiffs also point out that the proceedings subject of the instant action were not undertaken for the purpose of forming a parking district but for the purpose of acquiring additional parking facilities for a district formed some years earlier and converting certain city-owned property into parking facilities. It follows, according to plaintiffs, that none of the provisions contained in chapter 2 (such as sections 35271 and 35275) are applicable to the proceedings here under attack and that such proceedings are subject to separate notice and protest provisions contained in chapters 2.1 and 3. Plaintiffs assert that insofar as the proceedings in question pertained to the use to be made of city-owned lands, they were authorized by chapter 2.1 and were subject to the notice and protest requirements of section 35303. Plaintiffs likewise argue that that portion of the proceedings concerned with the acquisition of additional parking facilities and the issuance of bonds was authorized by chapter 3 and was subject to the notice and protest requirements of section 35402.1. According to plaintiffs, neither section 35303 nor section 35402.1 contain

any requirement that protests be in writing and both sections merely state that the city council shall hold a hearing and pass upon all objections and protests. Plaintiffs allege that at the hearing before the city council, they did raise the specific grounds of objection urged in the instant action.

Plaintiffs' position is untenable. Section 35430 of the Streets and Highways Code (which is contained in chapter 3 of the Parking District Law of 1951) provides in pertinent part as follows: "Whenever a district has been formed under this part and a bonded indebtedness has been incurred for public parking facilities as provided in this part, proceedings may later be taken hereunder for the further acquisition or improvement of public parking facilities for the district and the issuance of bonds therefor as provided in this part. Any such proceedings may be initiated by the filing . . . of either a petition . . . or a certified copy of a resolution adopted by the parking place commission. Any such petition or resolution shall request such proceedings and, with respect to the proposed proceedings, additional acquisitions, improvements and bonds therein requested, may contain any matters authorized and shall contain any matters required in an original petition, except that it shall not be necessary to describe the boundaries of the district. . . . *Thereafter the procedure specified in this part for the formation of the district and the issuance of the initial bonds shall be followed so far as applicable. . . .*" (Italics supplied.) ▮ It is obvious that the proceedings subject of the instant action are supplemental in nature and were undertaken for the purpose of acquiring additional facilities for the parking district. They are specifically authorized by section 35430 and are thus governed by all the "applicable" procedural requirements of chapter 2. It is apparent that sections 35271 and 35275 are among those provisions, since they are capable of being applied and are also appropriate and suitable. ▮ There is likewise no merit to plaintiffs' contention that that portion of the proceedings which pertained to the use of city-owned lands was covered by section 35303 of chapter 2.1. That section is by its own terms applicable only where the ordinance declaring that city-owned lands shall be devoted to the district "is adopted after the hearing on the resolution of intention. . . ." The record in the instant case shows that Ordinance No. 24-C.S., which declared that certain city-owned lands should he held and used by the district, and Resolution No. 5533, which declared the council's intent to acquire and improve additional parking

facilities for the district, were both adopted on September 1, 1964. Since the hearings on the resolution of intention were not held until October 1964, it is apparent that section 35303 is inapplicable. Moreover, that section also provides that even where the ordinance pertaining to city-owned lands is adopted after the hearing on the resolution of intention, such ordinance may be adopted without notice and hearing "If no compensation is to be paid to the city. . . ." Ordinance No. 24-C.S. did not provide for the payment to the city of any compensation for the devotion of its lands to the use of the district.

Since plaintiffs' failure to comply with sections 35271 and 35275 constituted a waiver of their right to challenge the proceedings before the city council, the court was correct in granting defendants' motion for summary judgment. It is unnecessary to discuss plaintiffs' contention that if such waiver had not occurred, their complaint would have been sufficient to raise triable issues of fact.

Judgment affirmed.

Agee, J., and Taylor, J., concurred.